PRUYN v. KENT CIRCUIT JUDGE.

COURTS — JURISDICTION — TRANSFER OF CAUSES — CIRCUIT AND SUPERIOR COURTS—APPEAL FROM JUSTICE'S COURT.

1 Comp. Laws 1897, § 638, which provides for the transfer of causes from the circuit court of Kent county to the superior court of Grand Rapids, on the application of either party in pending causes, and on the application of the defendant in causes thereafter commenced, has no application to causes commenced in justice's court and appealed to the circuit.

*Mandamus* by John Pruyn to compel Willis B. Perkins, circuit judge of Kent county, to transfer a cause to the superior court of Grand Rapids. Submitted October 2, 1900. Writ denied April 16, 1901.

*Crane, Norris & Stevens,* for relator.

HOOKER, J. 1 Comp. Laws 1897, § 638, provides that:

"If either party to any cause now pending in the circuit court for the county of Kent, either at law or in chancery, and within the jurisdiction of said superior court, shall, after the taking effect of this act, or if the defendant in the case of a suit within such jurisdiction hereafter commenced, at the time of entering his appearance in said circuit court, shall file with the clerk or register of said court a petition for the removal of the cause into the said superior court for the city of Grand Rapids, and shall at the same time file with the clerk or register of said circuit court a bond to the opposite party, with sufficient surety, to be approved by the judge of said circuit court or a circuit court commissioner of said county of Kent, and in such sum as such judge or commissioner shall direct, * * * it shall thereupon be the duty of said circuit court for the county of Kent to proceed no further in the cause."

Under this provision the defendant and appellee in a cause appealed to the circuit from justice's court moved that the same be transferred to the superior court, and such an order was made. This order was subsequently vacated upon motion of the plaintiff, and the relator (*i. e.,* the defendant) asks a *mandamus* to compel the transfer of the case.

Several reasons are urged in opposition to the motion,—among them, the unconstitutionality of a law permitting such transfer. We are of the opinion that it is unnecessary to pass upon that question, as we think it evident that appeal cases were not contemplated. A reference to the act will show that, as to cases commenced after the act should take effect, only defendants might move for a transfer. By commencing an action in the circuit court a plaintiff has selected his forum, and the limitation of the right to remove the case to the defendant is consistent and proper; but in appeal cases no good reason is apparent for discriminating against the plaintiff, who may not have

appealed, or, if he has, could appeal to no other court. In such a case it cannot be said that he has selected the forum of his choice, as in other cases; yet only the defendant can move to transfer. The act is silent upon the subject of appeal cases, and, we think, should not be held applicable to them. It may be said that plaintiff has shown his preference for the circuit, and disinclination to go to the superior court, by commencing his action in justice's court, when he might have begun it in the superior court; but we think that the law should not be so construed as to impose a penalty upon the commencement of actions before justices of the peace.

The order of the learned circuit judge is affirmed, with costs.

MOORE, LONG, and GRANT, JJ., concurred. MONTGOMERY, C. J., took no part in the decision.